Case 1:05-cv-01083-WYD-CBS   Document 81   Filed 11/22/05   USDC Colorado   Page 1 of 10
Case 1:05-cv-01083-REB-BNB   Document 76-2   Filed 11/17/2005   Page 1 of 10
**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-1083-REB-BNB

BRECKENRIDGE PHARMACEUTICAL, INC.

Plaintiff,

vs.

METABOLITE LABORATORIES, INC.

Defendant,

vs.

FLORIDA BRECKENRIDGE, INC.

Counterclaim Defendant

**STIPULATED PROTECTIVE ORDER**

It is hereby ORDERED that:

1. All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purposed whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Classified Information," as used herein, means any information of any type, kind or character which is designated "Confidential" or "Confidential – Attorneys' Eyes Only" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information

as "Confidential" or "Confidential – Attorneys' Eyes Only," a party will make such designation only as to that information that it in good faith believes contains confidential information. Information or materials which is available to the public, including catalogues, advertising materials, and the like shall not be classified.

3. "Qualified Persons," as used herein means:

   a. Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

   b. Actual or potential independent technical experts or consultants (and their staff), who have been designated in writing by notice to all counsel at least ten days prior to any disclosure of "Confidential" or "Confidential – Attorneys' Eyes Only" information to such persons, and who have signed a document agreeing to be bound by the terms of this protective order (such signed original document to be held by Counsel for the party which retained the expert with copies to be served on all Counsel);

   c. Three party representatives (in cases where the party is a legal entity) who shall sign a document agreeing to be bound by the terms of this protective order (such signed document to be held by Counsel for the party representative with copies to be served on all Counsel);

   d. Stenographic, videographic, or clerical personnel necessary to the taking of any testimony regarding Classified Information;

   e. Independent third parties specifically retained for the limited purpose of assisting the attorneys of record in copying, imaging, and/or coding of

2

documents, and/or the preparation of trial exhibits, as set forth in paragraph 7 below, provided that all such confidential documents are kept in a secure place;

f. Persons noticed for depositions or designated as witnesses for any trial or hearing to the extent that such person is indicated on the document as being an author, source or recipient of the "Confidential" or "Confidential – Attorneys' Eyes Only" information as set forth in paragraph 11;

g. Any person to whom the designating party agrees in writing;

h. The Court and the Court's staff provided the "Confidential" and "Confidential – Attorneys' Eyes Only" information is filed under seal; and

i. If this Court so elects, any other person my be designated as a Qualified Perform by order of this Court, after notice and hearing to all parties.

4. Documents produced in this action may be designated by any party or parties as "Confidential" or "Confidential – Attorneys' Eyes Only" information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "Confidential – Attorneys' Eyes Only".

In lieu of making the original of a document, if the original is not produced the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or

3

"Confidential – Attorneys' Eyes Only" information by indicating on the record at the deposition that the testimony is "Confidential" or "Confidential – Attorneys' Eyes Only" and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" or "Confidential – Attorneys' Eyes Only" by notifying all of the parties in writing within fourteen (14) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "Confidential – Attorneys' Eyes Only" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "Confidential" or "Confidential – Attorneys' Eyes Only" for a period of fourteen (14) days after the receipt of the transcript.

To the extent possible, the party designating deposition information shall request that the court reporter shall segregate into separate transcripts information designated as "Confidential" or "Confidential – Attorneys' Eyes Only," with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing "Confidential" or "Confidential – Attorneys' Eyes Only" information shall have page numbers that correspond to the blank pages in the main transcript.

6. a. "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated

4

as "Confidential – Attorneys' Eyes Only" shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a)-(b) and (d)-(i) above.

   b. Copies of "Confidential – Attorneys' Eyes Only" information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiff(s) and Defendant(s). Any documents produced in this litigation to Qualified Persons of Paragraph 3(b) regardless of classification, shall be maintained at the office of such Qualified Person.

  7. Copies of documents produced under this Protective Order may be made, or exhibits prepared, by independent copy services, printers or illustrators for the purpose of this litigation.

  8. If either party is required to produce documents, made any other written discovery response, or give deposition testimony prior to the entry of this Protective Order, that party will be permitted to designate documents, discovery responses, and/or deposition testimony as "Confidential" or "Confidential – Attorneys' Eyes Only" in compliance with this Protective Order. Each party will honor such designations as if this Protective Order were in effect. The designations will remain effective after the entry of this Protective Order, with no further action required by the designating party.

  9. Documents unintentionally produced without designation as "Confidential" or "Confidential – Attorneys' Eyes Only" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

10.   Documents to be inspected shall be treated as "Confidential – Attorneys' Eyes Only" during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "Confidential – Attorneys' Eyes Only" by a party to this lawsuit.

11.   Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" or "Confidential – Attorneys' Eyes Only" consents, in writing, to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "Confidential – Attorneys' Eyes Only" information in the examination or cross-examination of any person (whether at or in preparation of a deposition, hearing, or trial) who is indicated on the document as being an author, source or recipient of the "Confidential" or "Confidential – Attorneys' Eyes Only" information, irrespective of which party produced such information.

12.   A party may object to the designation of particular "Confidential" or "Confidential – Attorneys Eyes Only" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "Confidential" or "Confidential – Attorneys Eyes Only" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "Confidential" or "Confidential –

Attorneys Eyes Only" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" or "Confidential – Attorneys Eyes Only", and shall not thereafter be treated as "Confidential" or "Confidential – Attorneys Eyes Only" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "Confidential" or "Confidential – Attorneys Eyes Only" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential" or "Confidential – Attorneys Eyes Only".

13.  The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order.

14.  Nothing shall be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" information except information of the most sensitive nature, which if disclosed to persons of expertise in the area would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties. Nothing shall be regarded as "Confidential" or "Confidential – Attorneys' Eyes Only" information if it is information that either:

    a.  is in the public domain at the time of disclosure, as evidence by a written document;

b.   becomes part of the public domain through no fault of the other party, as evidenced by a written document;

c.   the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

d.   the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

15.   In the event a party wishes to use any "Confidential" or "Confidential – Attorneys' Eyes Only" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "Confidential – Attorneys' Eyes Only" information used therein shall be filed under seal with the Court pursuant to D.C.Colo.LCivR 7.2 and 7.3.

16.   Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Order.

17.   When any third party produced documents or gives testimony pursuant to a request from a party in this matter, such third party may designate their testimony or documents as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Protective Order.

18.   Within sixty (60) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party, in the possession of any of the persons qualified under Paragraphs 3(a) through (g) and 3(i)

8

shall be returned to the producing party or destroyed, except as this Court may otherwise order and except to the extent such information was used as evidence at the trial unless such exhibits were filed under seal. If Classified Materials are destroyed pursuant to this paragraph, the party destroying such Classified Materials shall certify in writing to the designating party that such destruction has occurred.

19. This Protective Order shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal; and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this Protective Order.

20. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order.

The parties, through their undersigned counsel, agree to the terms of this Stipulation and Protective Order.

DATED this 22nd day of Nov, 2005.

BY THE COURT:

_____
**BOYD N. BOLAND**
United States Magistrate Judge

9

APPROVED:

DATED this 17th day of November, 2005

DATED this 17th day of November, 2005

s/ Julie M. Walker

s/ Glenn K. Beaton

Julie M. Walker

Glenn K. Beaton

Hugh Q. Gottschalk
Julie M. Walker
Wheeler Trigg Kennedy LLP
1801 California Street, Suite 3600
Denver, CO 80202
Telephone:   (303) 244-1800
Facsimile:   (303) 244-1879

Glenn K. Beaton
Amanda Tessar
Gibson Dunn & Crutcher LLP
1801 California Street, Suite 4100
Denver, CO  80202
Telephone:   (303) 298-5700
Facsimile:   (303) 295-5310

Louis F. Wagner (Ohio Bar #0010768)
Buckingham, Doolittle & Burroughs, LLP
50 S. Main Street - P.O. Box 1500
Akron, Ohio  44309-1500
Telephone:   (330) 376-5300
Facsimile:   (330) 258-6559

**Attorneys for Metabolite Laboratories Inc.**

**Attorneys for Breckenridge Pharmaceutical, Inc. and Florida Breckenridge, Inc.**